*E-filed 2/7/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STOTT OUTDOOR ADVERTISING,

    Plaintiff,

    v.

COUNTY OF MONTEREY, et al.

    Defendants.

No. C06-00891 RMW (HRL)

**ORDER DENYING COUNTY OF MONTEREY'S MOTION FOR PROTECTIVE ORDER**

Re: Docket No. 34

    Stott Outdoor Advertising ("Stott") contends that Monterey County ("County") officials violated its civil rights and made the wrong decisions when they denied its three applications for permits to erect billboards in the County. Stott contends that some of these officials were biased, and seeks to depose certain County Supervisors on "the issues of bias and any improper communications between the Supervisor's office and the Planning Department, the Planning Commission or the public." The County moves for a protective order, and Stott opposes the motion. A hearing was held on January 30, 2007. The County cited further authority after the hearing in a letter to the court.

BACKGROUND

    Stott alleges that it applied for permits to erect billboards on three leased parcels of land, the "Eastman Property," the "Borba Property," and the "Tannahill Property." The Planning

Commission denied all three applications, and the Board of Supervisors affirmed those denials on appeal. Stott alleges that it learned at the hearing before the Planning Commission on the Tannahill Property application that Supervisor Calcagno had corresponded with a community member, expressing and encouraging opposition to billboards. Stott then demanded that any Supervisor biased against billboards recuse himself from hearing the Tannahill appeal. Supervisors Calcagno and Potter did not participate in that appeal. Stott concluded from the Supervisors' non-participation that they were biased against billboards and that it might not have received a fair hearing on its permit applications. Stott's current action includes, among others things, First Amendment claims and a procedural due process claim under the Fifth and Fourteenth Amendments to the United States Constitution.

In August 2006, Stott noticed the deposition of Supervisors Calcagno and Potter. In an accompanying letter, Stott's counsel stated "I have no intention in these depositions of inquiring into their legislative thought process in ruling on the appeals of the Eastman, Borba, or Tannahill applications, which I recognize is absolutely privileged. However, I believe I am entitled to depose them on the issues of bias and any improper communications between the Supervisor's office and the Planning Department, the Planning Commission or the public."

The County now moves for a protective order finding these topics privileged and holding that the depositions should not go forward. In the alternative, the County seeks a protective order narrowly limiting the topics of the proposed discovery and directing that the information be disclosed under oath as answers to interrogatories or as declarations, rather than as oral depositions.

LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part that a court may, "for good cause shown," make an order that "discovery not be had," that "discovery may be had only by a method of discovery other than that selected by the party seeking discovery," or that "certain matters not be inquired into." A party seeking to block relevant discovery bears the "heavy" burden of showing why it should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); see also *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

2

DISCUSSION

The issue to be decided is whether or not the federal deliberative process privilege blocks Stott from deposing the two Supervisors on the issues of bias and improper communications. Federal privilege law applies because there are constitutional claims, and the deposition testimony in question relates to those federal claims. See FED. R. EVID. 501.

The federal deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated... It was developed to promote frank and independent discussion among those responsible for making governmental decisions." *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citations omitted). The privilege applies to deposition testimony as well as written documents. See *North Pacifica, LLC v. City of Pacifica, et al.*, 274 F.Supp.2d 1118, 1121, n. 1 (N.D. Cal. 2003). For the privilege to apply, the document or testimony must be both predecisional and deliberative. *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d at 1161. "The deliberative process privilege is a qualified one... A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* The privilege applies to various governmental entities, including local officials. See *North Pacifica, LLC*, 274 F.Supp.2d at 1121 (city council); *U.S. v. Irvin*, 127 F.R.D. 169, 172 (C.D. Cal. 1989) (county supervisors).

Both desired deposition topics (bias, improper communications) clearly relate to "predecisional" facts and communications. But do they seek testimony about anything "deliberative"? In its opposition to the current motion, Stott makes it clear that the proposed questions concerning bias would pertain only to "whether these supervisors had a preconceived bias or prejudice against billboards." So long as Stott sticks to that line of questioning, there should be no intrusion into the deliberative process privilege.

It is less clear whether communications between the Supervisors and other County employees[1] fall within the territory protected by the deliberative process privilege. Stott explained at the hearing that it is looking for evidence that the Supervisors improperly meddled in earlier phases of the permit process. The County argued that it was concerned that deposition questioning regarding any exchange of information *back and forth* would impinge upon the privilege. The court has difficulty imagining how statements made *by* a Supervisor *to*, say, a Planning Department staffer, would be protected by the Supervisor's deliberative process privilege, because at that point the Supervisor was not deliberating. For now, however, the court will assume, arguendo, that Stott's proposed questioning about improper communications might delve into the deliberative arena. Then, the next question is whether Stott's need for the information outweighs the County's opposing concerns. Thus, the court proceeds to analyze the factors involved in deciding whether the qualified deliberative process privilege should stand in this case.

"Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citations omitted). Other factors courts may consider include: 5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, 6) the seriousness of the litigation and the issues involved, 7) the presence of issues concerning alleged governmental misconduct, and 8) the federal interest in the enforcement of federal law. *North Pacifica, LLC v. City of Pacifica, et al.*, 274 F.Supp.2d 1118, 1122 (N.D. Cal. 2003).

Evidence of impropriety could be quite relevant to plaintiff's claims. This factor cuts in favor of disclosure.

---

[1] At the hearing, Stott indicated that any questions about communications between the Supervisors and members of the public pertained only to possible bias. The communications between the Supervisors and the Planning Department or the Planning Commission are a topic separate from bias. It is those communications that the court addresses here.

4

As for the availability of other evidence, plaintiff could probably get testimony about communications from other sources, but deposing the Supervisors is probably the best way to proceed. This factor cuts slightly in favor of disclosure.

The government plays a central role in this litigation, and thus this factor cuts strongly in favor of disclosure.

Inquiry into these topics is likely to put a slight chill on future government deliberations in similar situations. This factor cuts against disclosure.

The interest of the litigant and society in accurate fact-finding cuts in favor of disclosure, as it always must.

As for the seriousness of the litigation, the court feels that this factor is neutral.

Because the plaintiff alleges governmental misconduct, it has a greater right to discovery respecting government conduct than it would otherwise. As with the third factor, the government's alleged role in this dispute cuts in favor of disclosure.

Finally, there are federal constitutional claims at stake in this case, and it is in the federal interest to see constitutional norms enforced.

On balance, the court concludes that Stott's interest in exploring any alleged improper communications during the Supervisors' depositions outweighs the County's interest in protecting the deliberative process. Because the County has not carried its burden of justifying a protective order, its motion is DENIED.

**IT IS SO ORDERED.**

Dated: 2/7/07          /s/ Howard R. Lloyd
                       HOWARD R. LLOYD
                       UNITED STATES MAGISTRATE JUDGE

5

1  THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

3  Gary Stephen Mobley  gmobley@gsmpc.com, assistant@gsmpc.com

4  Frank G. Tiesen  tiesenf@co.monterey.ca.us, coatsir@co.monterey.ca.us; zazuetac@co.monterey.ca.us

7  * Counsel are responsible for providing copies of this order to co-counsel.

8  Date:   2/7/07                            /s/ JMM
                                              Chambers of Magistrate Judge Howard R. Lloyd